### Grace V. Wiesbach, Appellee, v. Herman H. Hettler Lumber Company, Appellant.

### Gen. No. 18,883.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 13, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

548    APPELLATE COURTS OF ILLINOIS.

Wiesbach v. Herman H. Hettler Lumber Co., 184 Ill. App. 547.

## Statement of the Case.

Action by Grace V. Wiesbach against Herman H. Hettler Lumber Company, a corporation, and E. S. Ormsbee to recover damages for personal injuries sustained by plaintiff in a collision between a carriage in which plaintiff was riding and a team claimed to have been owned and controlled by the defendant. The jury rendered a verdict of not guilty as against Ormsbee and of guilty against the Lumber Company, damages being fixed at the sum of one thousand dollars. From a judgment entered on the verdict, the defendant Lumber Company appeals.

H. L. HOWARD, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee; WALTER BACHRACH, S. SIDNEY STEIN and SIGMUND W. DAVID, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 867*—*when evidence sufficient to sustain finding that team and wagon were not under the control of an independent contractor.* In an action to recover for personal injuries sustained in a collision between a carriage in which plaintiff was riding and a team and wagon alleged to be owned and controlled by defendant, evidence *held* sufficient to warrant a finding by the jury that the team and driver were under the direction of the defendant and that a third party, who owned the team and employed the driver, was not an independent contractor.

2. NEGLIGENCE, § 129*—*when special plea does not put in issue ownership and control of instrumentalities causing injury.* In an action for personal injuries sustained by plaintiff alleged to have been caused by the negligent driving of a team and wagon owned and controlled by defendant, a special plea which recites that defendant or its servants or agents were not in the use, possession, ownership and control of the wagon, without denying ownership of the horses and without denying that the horses and wagon were

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

owned and controlled by defendant, does not properly put in issue the ownership, possession or operation of the instrumentalities which are alleged to have caused the injury.

3. APPEAL AND ERROR, § 1699*—*when error in refusing to direct verdict for defendant waived.* Error of court in denying a motion to direct a verdict at the close of plaintiff's evidence is waived where defendant thereafter submits instructions based upon its theory of the case.